**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **MAMDOH MAMDOH,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| **THROUGH ITS AGENCY, THE** | )   Cause No. |
| **UNITED STATES DEPARTMENT** | ) |
| **OF AGRICULTURE** | ) |
| | ) |
| Defendant. | ) |
| | ) |
| <u>Serve:</u> | ) |
| **U.S. Department of Agriculture** | ) |
| **1400 Independence Avenue, S.W.** | ) |
| **Washington, D.C. 20250** | ) |

**COMPLAINT**

COMES NOW Plaintiff, Mamdoh Mamdoh ("Mamdoh") and for his Complaint for judicial review of the decision by the United States of America, acting through its agency, the United States Department of Agriculture ("USDA"), to seek Civil Monetary Penalties ("CMP") pursuant to 7 CFR §278.6(f)(2) states as follows:

**INTRODUCTION**

1.  The assessment of CMP's of $33,000, in this instance is not warranted because Mamdoh did not sell or otherwise transfer a retail food store to another owner.  Rather, Mamdoh's store was closed, and some fixtures totaling $1,000 were sold to a new entity that opened a new store after Mamdoh was terminated from participation in the Supplemental Nutrition Assistance Program ("SNAP").  Therefore, $33,000 in CMP's are not appropriate under the 7 CFR §278.6(f)(2) (the "SNAP Regulations").

## PARTIES

2. Mamdoh is an individual now living in New York, New York, but who previously owned and operated Joseph's Bakery, a grocery store and bakery, located at 4704 Gravois Avenue, St. Louis, Missouri 63116 ("Josef's Bakery").

3. Defendant USDA operates the Supplemental Nutrition Assistance Program ("SNAP") through its Food and Nutrition Service ("FNS").

## VENUE/JURISDICTION

4. This matter involves the judicial review of the Final Agency Decision of the USDA, through its FNS, to impose CMPs upon Mamdoh.  This Court has jurisdiction pursuant to 7 U.S.C. § 2023(13) and 7 CFR §279.7.

5. Venue is proper in this district pursuant 7 U.S.C. § 2023(13) and 7 CFR §279.7 in that Josef's Bakery operated its grocery store and bakery within the Eastern District of Missouri.

## PROCEDURAL HISTORY

6. On May 15, 2020, Defendant USDA issued a Final Agency Decision to Mamdoh Mamdoh upholding the USDA's decision to impose CMPs in the amount of $33,000, following his permanent disqualification from participation in the SNAP (the "Agency Decision").  A copy of the Final Agency Decision is attached hereto as Exhibit A.

7. The purported basis for the Final Agency Decision was that "a transfer of ownership civil money penalty in the amount of $33,000.00 was properly imposed by the Retailer Operations Division against Mamdoh Mamdoh, former owner of Josef Bakery, for selling and/or transferring a store."  (Ex. A at 1).

8. This Complaint is timely filed in that pursuant to 7 CFR § 279.7(a), the complaint must be filed "within 30 days after the date of delivery or service" of the Final Agency Decision.

9. Per 7 USC § 2023(15) and 7 CFR § 279.7(c), the suit in the U.S. District Court shall be a "trial de novo" by the court in which "the court shall determine the validity of the questioned administrative action."

## **COUNT I – JUDICIAL REVIEW OF FINAL AGENCY DECISION**

10. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-9 above.

11. The Final Agency Decision should be reversed because Mamdoh did not sell or transfer the ownership of Joseph's Market to a purchaser or transferee.

12. The USDA seeks to impose CMP's against Mamdoh pursuant to 7 CFR §278.6(f)(2), which reads as follows:

> (2) In the event any retail food store or wholesale food concern which has been disqualified is sold or the ownership thereof is otherwise transferred to a purchaser or transferee, the person or other legal entity who sells or otherwise transfers ownership of the retail food store or wholesale food concern shall be subjected to and liable for a civil money penalty in an amount to reflect that portion of the disqualification period that has not expired, to be calculated using the method found at § 278.6(g). If the retail food store or wholesale food concern has been permanently disqualified, the civil money penalty shall be double the penalty for a ten year disqualification period. The disqualification shall continue in effect at the disqualified location for the person or other legal entity who transfers ownership of the retail food store or wholesale food concern notwithstanding the imposition of a civil money penalty under this paragraph.

13. Mamdoh was the sole owner of Joseph's Bakery. On August 27, 2018, the USDA permanently disqualified Joseph's Bakery from the SNAP Program. Mamdoh did not appeal that decision to the United States District Court.

14. Without the ability to accept SNAP benefits, Josef's Bakery shut down in late 2018. The neighborhood around Josef's Bakery has a high percentage of persons on social welfare programs.

15. As part of closing Josef's Bakery, Mamdoh sold a small number of retail fixtures to a new company that opened a business in the same location – Caesar Supermarket, LLC ("Caesar's"). Caesar's is a small restaurant, bakery and store. The old fixtures were sold to Caesar's for $1,000. A copy of the Bill of Sale is attached hereto as Exhibit B. Although the Bill of Sale states "fixtures and inventory", it was only the fixtures that were transferred (mostly shelves) because Mamdoh's food inventory had expired.

16. Caesar's entered into a new lease for the premises in which Josef's Bakery was previously operated.

17. In May 2019, Caesar's applied to the USDA to participate as a retailer in the SNAP Program. Because the location had previously been operated by an individual that had been disqualified from the SNAP Program – Mamdoh – the investigation into Caesar's ownership and operation was thorough. The USDA requested additional information from Caesar's on May 6, 2019. A copy of the USDA's correspondence is attached as Exhibit C. Ultimately, the USDA determined that there was no overlapping ownership between Caesar's and Joseph's Bakery, and approved Caesar's for participation in the SNAP Program July 2019.

18. And most importantly, Mamdoh never has, and never will, receive any income or other compensation from the operation of Caesar's.

19. Here, the retail food store – Josef's Bakery – was not sold. By definition, a store is much more than a few fixtures. A store is "a business establishment where usually diversified goods are kept for retail sale." A store is not a few shelves. It is the ongoing goodwill, the customers, the name, and usually the inventory of perishable and non-perishable items. None of that was sold or transferred in this case by Mamdoh.

20. Instead, Josef's Bakery shut down. It went out of business. Mamdoh never "transferred" ownership in his store to Caesar's. Caesar's opened a new "store" in the old location. It changed the name of the store. It secured a new lease from the landlord. It offered different items from those which Josef's Bakery offered. And it applied for its own authority to participate in the SNAP Program.

21. There was no contract for the sale of the store between Mamdoh and Caesar's. There was no closing of any sale transaction. There was no allocation of costs or expenses (*e.g.*, taxes, utilities, license fees, receivables) between Mamdoh and Caesar's as one would expect in the sale of a store. No assets were transferred other than title to a few fixtures, which had almost no value. Mamdoh could have sold them to a used equipment store. The fact that Caesar's purchased the fixtures from Mamdoh was more for the convenience of Caesar's – it was quicker and easier than going to a used equipment store.

22. Finally, there is the $1,000 that was paid for the fixtures. It is inconceivable to think that anyone can buy a "retail store" in the St. Louis Metropolitan area for $1,000, or that someone would be willing to "sell" a retail store for $1,000.

## CONCLUSION

23. Because Mamdoh did not sell or transfer his store following disqualification from the SNAP Program, the imposition of $33,000 in CMPs pursuant to 7 CFR §278.6(f)(2) is unwarranted and improper.

WHEREFORE, Plaintiff requests that this Court set aside the Final Agency Decision and enter its own Order and Judgment finding that Defendant may not impose Civil Monetary Penalties upon Plaintiff pursuant to 7 CFR §278.6(f)(2), and for such other and further relief as may be just and proper.

**WITZEL KANZLER & DIMMITT LLC**

By: /s/ Jay L. Kanzler Jr.
    Jay L. Kanzler Jr. (Mo. #41298)
    2001 S. Big Bend Blvd.
    St. Louis, Missouri 63117
    Tel:   (314) 645-5367
    Fax:   (314) 645-5687

Attorneys for Plaintiff Mamdoh Mamdoh